15-3230-cv
Brenner v. City of New York Dep't of Educ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand sixteen.

PRESENT: REENA RAGGI,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

------------------------------------------------------------------------

LAWRENCE BRENNER,

*Plaintiff-Appellant*,

v.                                                          No. 15-3230-cv

CITY OF NEW YORK DEPARTMENT OF EDUCATION, ANTONIO K'TORI, individually and in his official capacities,

*Defendants-Appellees*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:      THOMAS RICOTTA, White, Ricotta & Marks, P.C., Long Island City, New York.

APPEARING FOR APPELLEES:      BENJAMIN WELIKSON, Assistant Corporation Counsel (Richard Dearing, Deborah A. Brenner, Of Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 18, 2015, is AFFIRMED.

Plaintiff Lawrence Brenner appeals from an award of summary judgment in favor of defendants New York City Department of Education and Principal Antonio K'Tori on Brenner's claims that he was subjected to a hostile work environment and terminated in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., and 42 U.S.C. § 1983. "We review an award of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in his favor." McElwee v. Cty. of Orange, 700 F.3d 635, 640 (2d Cir. 2012). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm largely for the reasons set forth by the district court. See Brenner v. City of New York Dep't of Educ., 132 F. Supp. 3d 407, 416–23 (E.D.N.Y. 2015).

1. Termination

We review Title VII and § 1983 claims of employment discrimination under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See id. at 802–05 (requiring (1) plaintiff to make out prima facie case of

2

discrimination, whereupon (2) burden shifts to employer to advance legitimate, nondiscriminatory reason for adverse employment action, at which point (3) burden shifts back to plaintiff to adduce admissible evidence sufficient for rational factfinder to infer that proffered reason is pretext for impermissible motivation); accord Vivenzio v. City of Syracuse, 611 F.3d 98, 106 (2d Cir. 2010) (Title VII); Annis v. Cty. of Westchester, 136 F.3d 239, 245 (2d Cir. 1998) (§ 1983). The same framework applies to ADEA claims, except that, at the third step, a plaintiff must demonstrate that the discriminatory motive was a but-for cause of the adverse employment action, rather than merely a motivating factor. See Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 105–06 (2d Cir. 2010).

Defendants do not contest that Brenner made out a prima facie case of discrimination, and Brenner does not contest that defendants advanced a legitimate, nondiscriminatory reason for his termination, namely that, during the relevant period, Brenner did not satisfactorily perform his educational duties as a special education teacher.

> [P]laintiff received [1] at least nine unsatisfactory classroom observations, including several from administrators other than K'Tori; [2] four unsatisfactory year-end ratings; and [3] an unsatisfactory evaluation by an independent consultant in the last year prior to his termination. These negative performance evaluations are consistent in describing an educator who failed to live up to the expectations of his supervisors and peers in his role as a special education teacher, in particular in the areas of differentiation, lesson planning, and classroom management.

Brenner v. City of New York Dep't of Educ., 132 F. Supp. 3d at 417–18. Brenner challenges only the district court's conclusion that he failed to adduce sufficient evidence to permit finding that this reason was a pretext for prohibited discrimination.

The argument fails. As the district court correctly observed, a plaintiff who is terminated "after a decision, based on substantial evidence, of an undisputedly independent, neutral, and unbiased adjudicator [who] had the power to prevent the termination" bears a heavy burden to demonstrate pretext, as such an evaluation "is highly probative of the absence of discriminatory intent in that termination." Collins v. N.Y.C. Transit Auth., 305 F.3d 113, 119 (2d Cir. 2002). In such circumstances, a plaintiff must "present strong evidence that the decision was wrong as a matter of fact . . . or that the impartiality of the proceeding was somehow compromised." Id. Brenner argues that the independent decision was wrong or infected by K'Tori's negative evaluations. But the argument is conclusory, which is insufficient to carry Brenner's step-three burden under either a but-for or motivating-factor standard where, as the district court detailed, substantial evidence supported the independent adjudicator's finding. See Smith v. Am. Express Co., 853 F.2d 151, 155 (2d Cir. 1988).

Accordingly, for the reasons stated by the district court, defendants were entitled to summary judgment on Brenner's Title VII, § 1983, and ADEA challenges to his termination.

2. Hostile Work Environment

To defeat summary judgment on a hostile-work-environment claim, a plaintiff must produce evidence that "the workplace was permeated with discriminatory intimidation, ridicule, and insult, that was sufficiently severe or pervasive to alter the conditions of the victim's employment." Patterson v. Cty. of Oneida, 375 F.3d 206, 227 (2d Cir. 2004) (alterations and internal quotation marks omitted). To carry this burden, Brenner relies on

4

a handful of K'Tori's statements that he submits express negative opinions of older, white, Jewish teachers. Brenner further points to his removal from teaching duties and reassignment to a "closet" after termination proceedings began. Appellant's Br. 25.

The stray comments attributed to K'Tori do not amount to the "steady barrage of opprobrious . . . comments" sufficient to alter the conditions of Brenner's employment. Tolbert v. Smith, 790 F.3d 427, 439 (2d Cir. 2015) (quoting Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997)). As for Brenner's confinement to a "closet," we conclude, as the district court did, that Brenner failed to demonstrate that this action was other than standard procedure for employees in termination proceedings or that it bore any connection to discriminatory animus. See Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001) ("It is axiomatic that mistreatment at work . . . through subjection to a hostile environment . . . is actionable under Title VII only when it occurs because of an employee's . . . protected characteristic.").

Accordingly, summary judgment was correctly awarded to defendants on Brenner's hostile work environment claim.

3.   Conclusion

We have considered Brenner's remaining arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5